UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

          Plaintiff,

v.                                             Case No. 18-20106
                                             Honorable Linda V. Parker

DVONE BRADY,

          Defendant.

_____/

## OPINION & ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE (ECF NO. 28)

On June 20, 2018, Defendant Dvone Brady pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and one count of distributing methamphetamine, in violation of 21 U.S.C. § 841.  (Plea Agreement, ECF No. 22 at Pg. ID 48.)  On May 21, 2013, this Court sentenced Defendant to 120 months of imprisonment and his projected release date is December 21, 2026.  (Judgment, ECF No. 24; *see also* ECF No. 31 at Pg. ID 166.)  This matter is presently before the Court on Defendant's Motion for Compassionate Release.  (ECF No. 28.)  The Government responded to the motion.  (ECF No. 31.)

## APPLICABLE LAW

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. Section 3553(a) to the extent they are applicable.  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *5-6 (6th Cir. Nov. 20, 2020).  The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies.  (*See generally* ECF No. 31.)  Nor does the Government dispute that Defendant's obesity (BMI 36.8) and his status as a former smoker, together, create an extraordinary and compelling circumstance warranting

a sentence reduction.[1]  (*Id.* at Pg. ID 164; *see also* ECF No. 28 at Pg. ID 88.)  In

addition, the Sentencing Commission's policy statement on compassionate release,

U.S.S.G. § 1B1.13, is not applicable where, as here, the imprisoned person files the

motion for compassionate release.  *Jones*, 2020 WL 6817488, at *7, 9.  The

Government nevertheless maintains that the factors in 18 U.S.C. § 3553(a) weigh

against reducing Defendant's sentence.

## ANALYSIS

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history

and characteristics; the nature and circumstances of the crimes; due consideration

of the seriousness of the crimes; promoting respect for the law; providing just

punishment; affording adequate deterrence; protecting the public from further

---

[1] As it routinely does in response to the many compassionate release motions filed by incarcerated individuals during the COVID-19 pandemic, the Government maintains that despite Defendant's heightened risk, the Bureau of Prisons has instituted measures to mitigate the risk of the virus spreading within its facilities. (ECF No. 31 at Pg. ID 166-173.)  This Court, and many other courts in this District, have addressed the Government's contentions in other decisions, specifically with respect to the Milan facility where Defendant is incarcerated, concluding that whatever measures have been taken have not eliminated—and probably cannot given the communal environment—the spread of the virus and that the BOP's testing policies do not provide an accurate picture of the exposure risk at its facilities.  *See, e.g., United States v. Nazzal*, -- F. Supp. 3d --, 2020 WL 3077948, at *4 (E.D. Mich. June 10, 2020); *United States v. Haynes*, No. 14-20083, 2020 WL 4696601, at *3 (E.D. Mich. Aug. 13, 2020).  For the reasons previously stated in those decisions, the BOP's efforts do not justify denying Defendant's motion.

crimes by the defendant; and providing him with any necessary correctional

services and treatment.  *See* 18 U.S.C. § 3553(a).

The Government emphasizes the circumstances of Defendant's instant

offense in support of its assertion that he would endanger the community if granted

early release, pointing out that Defendant dealt a pound and a half of

methamphetamine and illicitly possessed two firearms in furtherance of his drug

trafficking crime.  (ECF No. 31 at Pg. ID 164.)  The Court notes, however, that the

gun-related conviction was factually based on Defendant's possession of the

firearm and did not involve physical violence.  Even more significant is that prior

to the instant offense, Defendant had no other criminal history:  no juvenile

adjudications, no adult criminal convictions, no then-pending charges, and no other

arrests.  (PSR, ¶¶ 42-48.)

In addition, Defendant has committed no disciplinary infractions during the

incarceration at bar.  (*See* 11/16/20 Hr'g Tr.)  And not only has he completed

several education courses during his incarceration (ECF No. 28-3 at Pg. ID 98), but

he has been entrusted with a "gate pass" which permits him to work in

communities near the detention facility (*see* 11/16/20 Hr'g Tr.).  This work

includes painting, plumbing, flooring, and electrical work.  (*Id.*)  Defendant also

has significant support from his family, including the mother of his children,

Brittany, as well as his grandmother, aunt, and two cousins.  (ECF No. 28-3 at Pg.

ID 100-08.)  Brittany represents that, if released, Defendant will live with her, as well as their 4 year-old son, 2 year-old daughter, and Defendant's mother, in Detroit, Michigan.  (*Id.* at Pg. ID 100; 11/16/20 Hr'g Tr.)  Bill Smith, a Project Manager at Hock Painting, where Defendant's father is employed, is willing to put Defendant's vocational training as a painter to use and "put him to work as soon as he is able."  (ECF No. 28-3 at Pg. ID 101.)  While the Court does not minimize the seriousness of Defendant's instant offenses, the Court finds that the offenses, together with his strong familial support, evidence of rehabilitation, and previously nonexistent criminal record, suggest that he is not a danger to the community.  In addition, any risk posed by Defendant's release can be mitigated by the conditions of his supervised release.

And though the Court recognizes that Defendant is yet to serve a substantial portion of the time remaining on his sentence, the Court finds that the benefit of keeping Defendant incarcerated is outweighed by the risk of serious outcomes if he contracts COVID-19.  Moreover, the sentence that Defendant has served, combined with the period of supervised release that will follow, appropriately "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense."  18 U.S.C. § 3553(a).

Thus, the Court finds that factors set forth in 18 U.S.C. § 3553(a) warrant a reduction of Defendant's sentence.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for

Compassionate Release.  (ECF No. 28.)  The Court reduces Defendant's sentence

to time served as of December 8, 2020.  The period of supervised release remains

four years.

Defendant shall be released no later than December 8, 2020, and shall reside

at Brittany's residence in Detroit, Michigan, where Defendant shall remain in self-

quarantine for 14 days.  Defendant shall notify the Probation Department for the

Eastern District of Michigan within 24 hours of his arrival at Brittany's residence

and is directed to follow the instructions of the assigned probation officer.

Defendant is restricted to Brittany's residence at all times, except for

employment; education; religious services; medical, substance abuse, or mental

health treatment; attorney visits; court appearances; court-ordered obligations; or

other activities as preapproved by the assigned probation officer.  Defendant shall

be monitored by location monitoring technology at the discretion of the officer for

a period of 180 days and shall abide by all technology requirements.  Defendant

shall not pay the costs of participation in the location monitoring program.

Upon his release from custody, Defendant will be subject to the same

conditions of release imposed in his original sentence, except as modified in this

Order.  Upon entry of this Order, Defense Counsel shall immediately contact the

Probation Department to coordinate and facilitate enforcement of Defendant's

release conditions.

     **IT IS SO ORDERED**.

                         s/ Linda V. Parker
                         LINDA  V. PARKER
                         U.S. DISTRICT JUDGE

Dated: December 2, 2020